UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
APR 20 2005
CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DARRYL ADAMS,            CIV. 05-4057

        Plaintiff,

vs.

                       COMPLAINT

FIMCO, INC.,

        Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The Plaintiff, for his cause of action against Defendant, states and alleges as follows:

GENERAL ALLEGATIONS

1.     This Court has jurisdiction over this matter under 42 U.S.C. § 2000e (The Civil Rights Act of 1964 as amended (1991)) and 28 U.S.C. §§ 1331, 1337, (federal question), 1343, and 1367 (pendent jurisdiction).

GENERAL ALLEGATIONS

1.     Plaintiff is a resident of Sioux City, Iowa.

2.     Plaintiff is an African-American male.

3.     Plaintiff is an "employee" as defined in S.D.C.L. § 20-13-1(6) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

4.     Defendant FIMCO, Inc. is an Iowa corporation with an office and place of business in North Sioux City, South Dakota.

5.      Defendant FIMCO, Inc. is an "employer" as defined by S.D.C.L. § 20-13-1(7) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

6.      In February, 2004, Plaintiff and his stepson, a white male, went to Advance Services, Inc., a temporary work agency located in Sioux City, Iowa to find work.

7.      Advance Services, Inc. found work for Plaintiff and his stepson at FIMCO, Inc.

8.      Plaintiff previously worked at FIMCO from April through June, 2002.

9.      While working for FIMCO in 2002, Plaintiff never had a warning or any disciplinary action.

10.     Plaintiff left FIMCO to work for another employer.

11.     Advanced Services, Inc. inquired of FIMCO whether it was willing to take Plaintiff back as a worker.

12.     FIMCO responded it would take Plaintiff back as a worker.

13.     Plaintiff began working at FIMCO on February 12, 2004, and worked eleven hours that day.

14.     When Plaintiff reported to work the morning of February 13, 2004, he was informed by Scott LNU at Advanced Services that he no longer worked for FIMCO.

15.     At first, Scott LNU told Plaintiff FIMCO no longer wanted him working there was because he had been discussing wages and hours with co-workers.

2

16. Later the same day, Scott LNU changed the reason for termination, telling Plaintiff FIMCO no longer wanted him back because of bad job performance when he worked there previously.

17. During an investigation by the South Dakota Division of Human Rights, FIMCO claimed it did not want Plaintiff to return to work because his performance on February 12, 2004 was "unsatisfactory."

18. During the investigation, FIMCO was unable to articulate any reasons why Plaintiff's work that one day was unsatisfactory.

19. FIMCO continued to employ Plaintiff's white stepson, who was hired the same time as Plaintiff, for approximately three months, after terminating Plaintiff.

20. On August 31, 2004, the South Dakota Division of Human Rights entered a determination of probable cause to believe that FIMCO discriminated against Plaintiff on account of his race.

21. On January 27, 2005, the United States Equal Opportunity Commission issued Plaintiff a letter to sue.

## COUNT ONE

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

22. Plaintiff realleges and incorporates paragraphs 1 through 21 as if set forth herein verbatim.

23. By refusing to permit Plaintiff to return to work on February 13, 2004, FIMCO discriminated against Plaintiff on account of his race.

24.     Plaintiff was harmed and injured thereby.

25.     FIMCO's actions toward Plaintiff on the basis of his race have caused, and will in the future cause, Plaintiff to suffer substantial damages for mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

26.     Under 42 U.S.C. § 2000e-5, Plaintiff is entitled to back pay well as front pay.

27.     Under 42 U.S.C. § 1981a, Plaintiff is entitled to recover compensatory damages, including damages for emotional pain, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

28.     Defendant's discriminatory conduct toward Plaintiff was willful and wanton, and was undertaken with malice and/or intentional or reckless indifference to Plaintiff's federally protected rights.

29.     Because Defendant's discriminatory conduct was willful and wanton, and was taken with malice and/or intentional or reckless indifference toward Plaintiff's federally protected rights, Plaintiff is entitled to punitive damages.

30.     Under 42 U.S.C. sec. 12205, Plaintiff is entitled to his reasonable attorney fees, litigation expenses, and costs incurred in this action.

COUNT TWO

RACIAL DISCRIMINATION -- S.D.C.L. § 20-13-10

31.     Plaintiff incorporates and realleges paragraphs 1 through 30 as if set forth herein verbatim.

32.     By refusing to permit Plaintiff to return to work on February 13, 2004, FIMCO discriminated against Plaintiff on account of his race in violation of S.D.C.L. § 20-13-10.

33.     Plaintiff was injured and harmed thereby.

34.     FIMCO's discriminatory conduct toward Plaintiff was willful and wanton, and was undertaken with malice and/or intentional or reckless indifference to Plaintiff's statutorily protected rights, requiring punitive damages under S.D.C.L. §§ 20-13-35.1 and 21-3-2.

## COUNT THREE

### VIOLATION OF 42 U.S.C. § 1981

35.     Plaintiff incorporates and realleges paragraphs 1 through 34 as if set forth herein verbatim.

36.     Defendant's actions negatively affected the performance of Plaintiff's employment at FIMCO and his enjoyment of all benefits, privileges, terms and conditions of his contractual relationship at FIMCO, all in violation of 42 U.S.C. § 1981(a)-(b).

37.     Plaintiff was injured and harmed thereby.

38.     FIMCO's conduct toward Plaintiff was willful and wanton, and was undertaken with malice and/or intentional or reckless indifference to Plaintiff's federally protected rights, requiring punitive damages.

5

WHEREFORE, Plaintiff prays for relief as follows:

1. For Plaintiff's past pecuniary losses, including the loss of wages and benefits in an amount to be determined by a jury at trial;

2. For front pay in an amount to be determined by the Court following trial;

3. For Plaintiff's compensatory damages in an amount to be determined by a jury at trial;

4. For punitive damages in an amount to be determined by a jury at trial;

5. For attorney fees, costs, and disbursements incurred herein; and

6. For such other and further relief as the Court deems just and equitable under the circumstances.

Dated this 20 day of April, 2005.

---

Thomas W. Clayton
300 North Dakota Avenue, Suite 310
Sioux Falls, SD  57104-6026
605/331-2565
Attorney for Plaintiff

REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues triable of right by a jury.

6